Each party shall bear its own costs on appeal.

AFFIRMED.

**Gary A. HALL, Plaintiff–Appellant,**

v.

**RAYTHEON MISSILE SYSTEMS COMPANY; et al., Defendants–Appellees.**

**No. 00–16349.**

**D.C. No. CV–00–00051–ACM.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2001.*

Decided Sept. 20, 2001.

Before HUG, PREGERSON, and WARDLAW, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**670**

MEMORANDUM **

Gary A. Hall appeals pro se the district court's order, under Fed.R.Civ.P. 12(b)(6), dismissing his claims under Arizona state law for wrongful termination and breach of his employment contract. Because the district court certified its interlocutory order pursuant to Fed.R.Civ.P. 54(b), we have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo dismissals based on the statute of limitations, *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir.), *cert. denied,* 531 U.S. 929, 121 S.Ct. 309, 148 L.Ed.2d 247 (2000), as well as dismissals based on preemption, *Niehaus v. Greyhound Lines, Inc.*, 173 F.3d 1207, 1211 (9th Cir.), *cert. denied,* 528 U.S. 986, 120 S.Ct. 445, 145 L.Ed.2d 362 (1999). We affirm.

Because Hall did not file the instant complaint until November 17, 1999, more than one year after he first knew of his injury, the district court properly dismissed his wrongful termination claim as time-barred. *See* Ariz.Rev.Stat. § 12–541 (1996); *see also Arnold v. United States,* 816 F.2d 1306, 1312–13 (9th Cir.1987). Dismissal of Hall's state law breach of contract claim was proper because the claim was preempted by federal law. *See* 29 U.S.C. § 185(a); *see also Niehaus,* 173 F.3d at 1211.

Hall's "Notice and Motion Regarding Defendant Filing of False Documents" is denied.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

